**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROBIN ZINAMAN,

                      Plaintiff,

- v -                                  Civ. No. 1:11-CV-388
                                                                      (RFT)[1]

KINGSTON REGIONAL SENIOR LIVING
CORP., d/b/a Woodland Pond at New Paltz

                      Defendant.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## DECISION and ORDER

In connection with the upcoming trial, both parties filed Motions in Limine. Dkt. Nos. 88, Defs.' Mot., & Mem. of Law, dated Jan. 7, 2014; 97 & 97-1, Pl.'s Mot., & Mem. of Law, dated Jan. 7, 2014, with Exs. Each party's respective Motion in Limine is opposed. *See* Dkt. Nos. 104, Def.'s Opp'n Mem. of Law, dated Jan. 13, 2014; 105, Pl.'s Opp'n Mem. of Law, dated Jan. 13, 2014. Through their respective Motions, both parties seek to limit the admissibility of multiple items, which will be addressed hereinbelow.

*1. BackPay and Equitable Tolling*

Independent Motions notwithstanding, ironically, both parties seek to declare certain aspects of the backpay/equitable tolling issue either inadmissible or established

---

[1] On November 4, 2013, the parties consented and the Honorable Norman A. Mordue, Senior United States District Judge, referred this matter to this Court to conduct all further proceedings in this civil action, including presiding over a jury trial and ordering the entry of a final judgment. *See* Dkt. No. 77

as a matter of law. While the Defendant seeks to preclude the Plaintiff from offering any evidence in support of her claim for backpay because she refused an unconditional offer to return to work, Dkt. No. 88, conversely, the Plaintiff asks the Court to find that Defendant's offer of employment is inadmissible because it lacks probative value, Dkt. No. 97.

This Court clearly understands that it has the jurisdiction to grant both legal or equitable relief. Reinstatement to a formerly held position and back pay constitutes equitable relief, which traditionally are decided by a court. But, before making such a determination, as a matter of law, certain facts must be found.[2]

In a Family Medical Leave Act (FMLA) claim, an employer can toll the accrual of back pay damages by making an unconditional offer to the plaintiff of a job substantially equivalent to the one that was denied. *Ford Motor. Co. v. EEOC*, 458 U.S 219 (1982). Accordingly, the unconditional offer of employment must be *bona fide* and made in good faith, and may not require, as a part of a stipulation, that the employee compromise, abandon or modify her lawsuit. *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 909 (2d Cir. 1997); *Miano v. AC & R Adver., Inc.*, 875 F. Supp. 204, 223 (S.D.N.Y. 1995) (citing, *inter alia*, *Donovan v. Commercial Sewing, Inc.*,

---

[2] Ordinarily, equitable remedies are considered after a determination of liability, but can be decided anytime including by summary judgment. *See Miano v. AC & R Adver., Inc.*, 875 F. Supp. 204, 207 n.2 (S.D.N.Y. 1995).

562 F. Supp. 548, 555 (D. Conn. 1982) for the proposition that the reinstatement offer must be tendered in good faith). But, if a plaintiff reasonably and justifiably rejects the job offer, then the tolling does not go into effect as contemplated under the *Ford Motor Company* scheme. *Miano*, 875 F. Supp. at 222-26 (discussing in significant detail the legal consequence of a reasonable and justifiable rejection of a job offer). In this context, whether a rejection is reasonable or justified is determined by the reasonable person standard, which "measures the reasonableness of the plaintiff's decision based upon the facts that were known by the plaintiff at the time he made the decision." *Id*. at 224 (citations omitted). Therefore, it becomes incumbent upon the "trier of the fact to weigh the evidence to determine whether a reasonable person would refuse the offer of reinstatement," and whether an offer was unconditional for purposes of mitigation. *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 830 (2d Cir. 1992); *accord Hawkins v. 115 Legal Serv. Care*, 163 F.3d 684, 695 (2d Cir. 1998) (determining that it is a factual determination as to whether the plaintiff acted reasonably in rejecting the proffered employment). In fact, the Court must consider the circumstances under which the offer was made or rejected, including the terms of the offer and reason for the refusal. *Claiborne v. Illinois Cent. R.R.*, 583 F.2d 143, 153 (5th Cir. 1978) (cited in *Miano v. AC & R Adver., Inc.*, 875 F. Supp. at 224). Moreover, issues of *bona fide* and good faith are weighed in the fulcrum of credibility,

which obviously is a factual determination.

Based upon the record before this Court, the Court cannot grant either party's Motion in Limine, inasmuch as there are questions of fact as to the unambiguity of the "unconditional" job offer, whether the job offer was a substantial equivalent to the job denied, the circumstances of that offer, whether the offer of employment constitutes a compromise of Plaintiff's pending lawsuit, the reason for the refusal of the offer, and whether Plaintiff's rejection was justified and meets the reasonable person standard, just to name a few. Accordingly, Defendant's Application to preclude Plaintiff from offering evidence in support of her backpay is **denied**, as is Plaintiff's Request to find Defendant's job offer inadmissible as lacking probative value.

*2. Plaintiff's Claim for Emotional Distress*

Ostensibly, Plaintiff intends to testify to suffering emotional distress. However, Defendant seeks to preclude her from testifying that the loss of her house was due to her loss of income contributing to her emotional distress. In presenting this Application, Defendant rests on the proposition that no documentation was ever presented regarding foreclosure or the loss of her home and thus it was unable to engage in discovery on this issue. Lastly, Defendant asserts that the loss of the house has no relevance to the issue of Plaintiff's emotional distress. Dkt. No. 88 at pp. 3-4.

First, it is too late for the Defendant to claim that it was unable to engage in

discovery. It could have very well explored all of the indica of her emotional distress claim and there is no plausible excuse for failing to do so when Plaintiff was deposed. Next, garden variety emotional distress refers to anxiety, humiliation, shame, embarrassment, mental suffering, and distress that may flow naturally from an event that is an affront to one's dignity. It is the type of distress that a healthy, well-adjusted person would likely feel as a result of being victimized. In these types of claims, the evidence is often described in vague or conclusory terms. *Menghi v. Hart*, 745 F. Supp. 2d 89, 106-07 (E.D.N.Y. 2010). An alteration in lifestyle may contribute to emotional distress. *Id*. at 107 (citation omitted).

In this regard, Plaintiff may testify to her emotional distress and all of the contributing nuances, subject, of course, to vigorous cross examination. Defendant raise that her foreclosure proceeding commenced before she was terminated. This may be fertile basis for a muscular cross examination. Accordingly, Defendant's Application to preclude this type of testimony is **denied**.

*3. George Gatullo's Job Termination*

Mr. Gatullo served as Plaintiff's immediate supervisor when she was employed by the Defendant. From the record, it is the Court's understanding that his employment was subsequently terminated as well, and he commenced a lawsuit against the Defendant. Defendant asserts that "[t]he facts and circumstances of

Gatullo's separation from employment are wholly irrelevant." Dkt. No. 88 at pp. 4-5 (citing FED. R. CIV. P. 402).

The Court agrees that the facts and nature of Gatullo's termination and the subsequent lawsuit are not relevant but rather collateral and thus will not be admitted. However, the Court does understand that there will be testimony to the effect that he was the Plaintiff's supervisor and yet is no longer employed there;, but the reason for that separation have no bearing on Plaintiff's case. The Court also understands that Gatullo may testify to his suspicions that the Defendant may have discriminated against the Plaintiff. The Court does not intend to presently decide that issue. At this juncture, Mr. Gatullo may not testify as to the reason for his termination or the basis and/or the outcome of his lawsuit.

*4. Defendant's Exhibits*

Plaintiff moves to exclude a series of Defendant's Trial Exhibits, predominately on the grounds that they are irrelevant. *See* Dkt. No. 97-1, Pl's Lt.-Br., dated Jan. 7, 2014. Defendant's Exhibits D 5, 6, 8, 10, 11, and 13 are a string of emails between the Plaintiff and various people. In addition to positing that they may contain inadmissible hearsay, Plaintiff exclaims that these post termination emails are not relevant.

Facially, these Exhibits may constitute hearsay and may be irrelevant.

However, there is no indication as to how the Defendant may use these emails at trial. Conceivably, they could be used as admission of a particular fact or as impeachment. The Court is not prescient as to the Defendant's intentions with these Exhibits and must await the parties' presentation before concluding that these Exhibits are rippling with hearsay or are irrelevant. A ruling on these emails is premature.

The same would hold true with Defendant's Exhibit D 19 which is a leave absence policy that may be a component of Defendant's employee handbook. Plaintiff contends that this document does not appear in the Defendant's handbook nor was it shared with her. Dkt. No. 97-1 at p. 2. She is concerned that this document would be used to argue that Plaintiff did not fill out the form relative to her leave due to her medical condition. *Id.* The issue of notice with regard to the presentation of Plaintiff's FMLA claim to the jury has been put to rest, as has the issue of whether Defendant's purported failure to provide notice constituted interference under FMLA. Dkt. No. 74, Mem.-Dec. & Order, dated Sept. 30, 2013, at pp. 14-17. But the Court is not privy to the Defendant's perspective as to what this document may mean, which would be critical as to analysis of the document's admissibility. At this juncture, the Court is not prepared to declare this exhibit inadmissible.

Based upon the Rulings above, the parties shall proceed accordingly.

Where the Defendant's Motion in Limine, Dkt. No. 88, and Plaintiff's Motion

in Limine, Dkt. No. 97, are **granted in part and denied in part**.

**IT IS SO ORDERED**.

January 23, 2014
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge